UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01893-JPH-TAB |
| | ) | |
| BRYAN LOWELL THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND
SCREENING AMENDED COMPLAINT**

## I.     Granting *in forma pauperis* status

Mr. Thomas's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED**.
*See* 28 U.S.C. § 1915(a).  While *in forma pauperis* status allows Mr. Thomas to
proceed without prepaying the filing fee, he remains liable for the full fees.
*Ross v. Roman Catholic Archdiocese of Chicago*, 748 F. App'x 64, 65 (7th Cir.
Jan. 15, 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant
to proceed 'without *prepayment* of fees,' . . . but not without *ever* paying fees.").
No payment is due at this time.

## II.     Screening amended complaint

### A. Screening standard

The Court has the inherent authority to screen Mr. Thomas's complaint.
*Rowe v. Shake*, 196 F.3d 778, 783 (7th Cir. 1999) ("[D]istrict courts have the
power to screen complaints filed by all litigants, prisoners and non-prisoners
alike, regardless of fee status.").  The Court may dismiss claims within a

complaint that fail to state a claim upon which relief may be granted.  *See id.*
In determining whether the complaint states a claim, the Court applies the
same standard as when addressing a motion to dismiss under Federal Rule of
Civil Procedure 12(b)(6).  *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).
To survive dismissal,

> [the] complaint must contain sufficient factual matter,
> accepted as true, to state a claim for relief that is
> plausible on its face.  A claim has facial plausibility
> when the plaintiff pleads factual content that allows the
> court to draw the reasonable inference that the
> defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints are
construed liberally and held to a less stringent standard than formal pleadings
drafted by lawyers.  *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015).

### B. Discussion of claims

Mr. Thomas has brought state law tort claims against his brother, Bryan
Thomas, alleging intentional infliction of emotional distress and seeking
$75,075 in damages.  Dkt. 4-1.  Mr. Thomas alleges that his brother
intentionally mishandled aspects of their late-mother's estate and refused to
give Mr. Thomas his share of the estate's value.  *See* dkt. 4 at 5–6.

While Mr. Thomas cites the United States Constitution and 42 U.S.C. §
1983 as bases for jurisdiction, dkt. 4 at 2, he does not allege facts that support
an inference that his brother was acting under color of federal or state law
during the events alleged.  Therefore, the Court does not have federal question
jurisdiction over the amended complaint.  *See* 28 U.S.C. § 1331.  However,

because the amended complaint alleges that Mr. Thomas and his brother are citizens of different states, Indiana and Georgia, and seeks $75,075 in damages, the Court liberally construes the amended complaint as invoking its diversity jurisdiction.  28 U.S.C. § 1332.

Under the screening standard, claims should be dismissed at screening when it is clear on the face of the complaint that they are barred by statutes of limitations.  *See Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (citing *Jones v. Bock*, 549 U.S. 199, 215 (2007)).  In diversity cases, the Court applies state law statutes of limitations.  *Klein v. George G. Kerasotes Corp.*, 500 F.3d 669, 671 (7th Cir. 2007).  Indiana applies a two-year statute of limitations to tort claims for intentional infliction of emotional distress.  *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (IIED claims are governed by "Indiana's two-year statute of limitations.").  Here, Mr. Thomas alleges "the incident being complaint about happened in late October 2019."  Dkt. 4 at 6. Therefore, it appears from the face of the amended complaint that the two-year statute of limitations has run on Mr. Thomas's claim.

### III.    Conclusion

Mr. Thomas **SHALL SHOW CAUSE** by **November 25, 2022,** why his claims should not be dismissed as barred by the statute of limitations.

Failure to respond by November 25, 2022, may result in immediate dismissal.

**SO ORDERED.**

Date: 11/1/2022

James Patrick Hanlon
United States District Judge
Southern District of Indiana

3

Distribution:

KEVIN THOMAS
1602 S. Plate St.
Apt. D4
Kokomo, IN 46902