UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| KEVIN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01893-JPH-TAB |
| | ) | |
| BRYAN LOWELL THOMAS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER DISMISSING CASE AND
DIRECTING ENTRY OF FINAL JUDGMENT**

On November 1, 2022, the Court screened Mr. Thomas's amended complaint and gave him until November 25, 2022, to show cause why his complaint, alleging an intentional infliction of emotional distress claim against his brother, should not be dismissed on statute of limitations grounds. Dkt. 5; *see Dickens v. Illinois*, 753 F. App'x 390, 392 (7th Cir. 2018) (courts should consider statute of limitations at screening). Mr. Thomas responded that he believes the doctrine of equitable tolling should apply in this case to preserve his claim. Dkt. 6. However, Mr. Thomas has not alleged facts to show that the doctrine applies here.

Because this is a diversity case, Indiana tort law would apply to Mr. Thomas's intentional infliction of emotional distress claim. *Klein v. George G. Kerasotes Corp.*, 500 F.3d 669, 671 (7th Cir. 2007). "To establish a claim of intentional infliction of emotional distress, a plaintiff must prove by a preponderance of the evidence that the defendant: (1) engaged in extreme and outrageous conduct (2) which intentionally or recklessly (3) caused (4) severe

1

emotional distress to another." *State v. Alvarez*, 150 N.E.3d 206, 218 (Ind. Ct. App. 2020) (quotation omitted). In Indiana, "[a] cause of action in a tort claim accrues and the statute of limitations begins to run when the plaintiff knew or, in the exercise of ordinary diligence, could have discovered that an injury had been sustained as a result of the tortious act of another." *Holland v. Indiana Farm Bureau Ins.*, 110 N.E.3d 369, 375 (Ind. Ct. App. 2018). Indiana courts will toll the "period of limitations under the doctrine of equitable estoppel" only when "a party's actions prevent another party from obtaining the requisite knowledge to pursue a claim." *Kenworth of Indianapolis, Inc. v. Seventy-Seven Ltd.*, 134 N.E.3d 370, 383 (Ind. 2019).

In this case, Mr. Thomas alleged that his brother intentionally mishandled aspects of their late-mother's estate and refused to give Mr. Thomas his share of the estate's value. *See* dkt. 4 at 5–6. His complaint specifically stated that "the incident being complained about happened in late October 2019." Dkt. 4 at 6. While Mr. Thomas's response to the Court's show cause order argues that his brother's actions prevented him from gaining information about the estate, it does not allege that his brother's actions prevented him from obtaining facts about the "incident" he complains about.[1] Mr. Thomas knew, in "late October 2019," that he had been injured by his brother's alleged actions. Under Indiana law, therefore, the statute of limitations began in late October 2019 and expired in late October 2021.

---

[1] It also does not appear from the Court's research that Indiana courts have applied the doctrine of equitable estoppel in intentional infliction of emotional distress cases. But regardless, the facts here do not suggest that it would apply.

2

*Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (IIED claims are governed by "Indiana's two-year statute of limitations.").  Mr. Thomas filed this claim in September 2022, nearly a year too late.

Therefore, the complaint is **DISMISSED with prejudice**.  Final judgment shall issue by separate entry.

**SO ORDERED.**

Date: 12/19/2022

Distribution:

KEVIN THOMAS
1602 S. Plate St.
Apt. D4
Kokomo, IN 46902

James Patrick Hanlon
United States District Judge
Southern District of Indiana